# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND P. ROSE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Civil Action No. 09-217E ) Magistrate Judge Maureen P. Kelly |
| JAMES McGRADY; THE DISTRICT ATTORNEY OF THE COUNTY OF ERIE; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) ) ) |
| Respondents. | ) |

## OPINION

On December 1, 2004, Raymond P. Rose ("Petitioner"), entered a plea of guilty to multiple criminal charges involving the sexual abuse of his daughter and her step-sister over a period of time. There was no plea agreement for any specific sentence. See State Court Record ("SCR"), Plea Transcript, 12/21/2004, at 9, lines 21 to 13. Petitioner was sentenced to serve consecutive sentences for the multiple crimes. The total aggregate sentence was 13 to 32 years. ECF No. 9 at 1.

Petitioner filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. ECF No. 1. In the Petition, he raises four claims.

> [1] The sentencing court abused its discretion and violat[ed] Petitioner's due process rights in imposing consecutive sentences, which amounted to a manifestly excessive sentence and under the circumstances is detrimental to the Petitioner's rehabilitative possibilities.
> [2] The Sentencing Court failed to give due weight and consideration to various mitigating circumstances that [i.e., which] violate[s] Petitioner's right to due process of law.
> [3] The Sentencing Court committed legal error and violated federally mandated law as well as state law and violated fundamental norms of sentencing and Petitioner's Right to due process Rights [sic] in failing to provide a legally sufficient contemporaneous statement in support of the sentencing scheme included in the imposition of consecutive sentences.

> [4] The Petitioner was afforded ineffective assistance of counsel in violation of the Petitioner's Constitutional Rights under the Sixth and Fourteenth Amendments of the United States Constitution in that counsel failed to file a post-sentence motion preserving sentencing issues for purpose of appellate review.

Petitioner's Memorandum of Law In Support of the Petition for Writ of Habeas Corpus ("MOL"), ECF No. 2 at 2 to 3.

The District Attorney of Erie County filed an Answer, ECF No. 9, arguing that Petitioner was not entitled to relief. The District Attorney also sent copies of the original state court record to the Court. See ECF No. 10. Because those records did not contain the briefs filed on Petitioner's behalf to the Superior Court, we entered an order directing the District Attorney to file of record those briefs, and the District Attorney complied. ECF No. 13.

This case was transferred to the undersigned in June 2011. ECF No. 12. Petitioner, and the Respondents, through the District Attorney, have consented to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 4 and 11.

Because Petitioner failed to raise his first three claims as federal law claims before the state courts, he has procedurally defaulted any federal law claims in this Court. As to Petitioner's fourth claim of ineffective assistance of counsel claim, it is moot given that the state courts reinstated Petitioner's rights to file a post-sentence motion and his direct appeal rights.

## I. FACTUAL HISTORY

Given that we write primarily for the parties who are well acquainted with the facts of the crime at issue, we forego a lengthy recitation herein. Suffice it to say that on December 1, 2004, Petitioner pleaded guilty to multiple counts of sexually abusing his daughter and her step-sister. A recitation of the facts underlying the crimes may be found in the SCR which contains the Plea Transcript, 12/21/2004 at 10 to 15. On March 17, 2005, the Court of Common Pleas of Erie

County sentenced Petitioner to an aggregate sentence of 13 to 32 years.

## II. APPLICABLE LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) ("AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because the Petition in this case was filed after its effective date, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Mere violations of state law or state procedures are simply insufficient to warrant federal habeas relief. Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991).

The doctrine of procedural default provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule and such failure to present or to comply would provide a basis for the state courts to decline to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to object at trial constituted waiver of issue under state law and hence, a procedural default under federal habeas law); Francis v. Henderson, 425 U.S. 536 (1976) (failure to comply with state procedure requiring challenges to composition of grand jury be made before trial constituted state waiver and, therefore, also constituted procedural default for purposes of federal habeas); O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999) (failure to raise issue in discretionary appeal to state

3

supreme court constituted a procedural default for habeas purposes). The United States Court of Appeals for the Third Circuit has explained that the "doctrine of procedural default in effect makes compliance with all relevant state-law procedural rules a precondition to federal habeas relief." Hull v. Freeman, 932 F.2d 159, 165 (3d Cir. 1991), *overruled on other grounds by*, Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992). See Smith v. Horn, 120 F.3d 400, 408 (3d Cir. 1997).

There are two exceptions to the procedural default doctrine. The first exception is where a federal legal issue that was not properly raised in the state courts and, therefore, procedurally defaulted may nonetheless be addressed by a federal habeas court if the petitioner shows cause for, and actual prejudice stemming from, the procedural default. Wainwright v. Sykes. In order "[t]o show cause, a petitioner must prove 'that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.' *Murray v. Carrier*, 477 U.S. 478, 488 (1986)." Sistrunk v. Vaughn, 96 F.3d 666, 675 (3d Cir. 1996). In order to show actual prejudice, "the habeas petitioner must prove not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . . This standard essentially requires the petitioner to show he was denied 'fundamental fairness[.]'" Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (citations and some internal quotations omitted).

The second exception permits a federal court to address the merits of a procedurally defaulted claim where the petitioner can establish a "miscarriage of justice." In Werts v. Vaughn, the Third Circuit Court of Appeals explained this exception as follows:

> if the petitioner fails to demonstrate cause and prejudice for the
> default, the federal habeas court may still review an otherwise

4

> procedurally defaulted claim upon a showing that failure to review
> the federal habeas claim will result in a "miscarriage of justice."
> Generally, this exception will apply only in extraordinary cases,
> i.e., "where a constitutional violation has probably resulted in the
> conviction of one who is actually innocent...." [*Murray v. Carrier*,
> 477 U.S. 478] at 496 [(1986)]. Thus, to establish a miscarriage of
> justice, the petitioner must prove that it is more likely than not that
> no reasonable juror would have convicted him. *Schlup v. Delo*, 513
> U.S. 298, 326 (1995).

Id.

Finally, if a petitioner has committed a procedural default and has not shown either of the two exceptions, cause and actual prejudice or a miscarriage of justice, the proper disposition is to dismiss the procedurally defaulted claim with prejudice. See, e.g., Wainwright v. Sykes; McClain v. Deuth, 151 F.3d 1033 (Table), 1998 WL 516804, at *2 (7th Cir. 1998); Redeagle-Belgarde v. Wood, 199 F.3d 1333 (Table), 1999 WL 985164, at *4 (9th Cir. 1999); McNary v. Farley, 16 F.3d 1225 (Table), 1994 WL 59278, at *3 n.3 (7th Cir. 1994); Thompson v. Champion, 996 F.2d 311 (Table), 1993 WL 170924, at *3 (10th Cir. 1993).[1]

## III. DISCUSSION

### A. PETITIONER PROCEDURALLY DEFAULTED HIS FIRST THREE CLAIMS.

Petitioner has procedurally defaulted his first three claims because he failed to present these claims as violations of federal law to the state courts but instead raised them solely as alleged violations of state law. Petitioner's procedural default of his claims was his failure to

---

[1] Moreover, a federal habeas court may decide that a habeas petitioner has procedurally defaulted a claim even though no state court has previously decided that the claim was procedurally barred under state law. See, e.g., Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995) (requiring the federal district court to determine whether the petitioner's failure to appeal in the state court constituted a waiver under state procedural law that barred state courts from considering the merits and, therefore, constituted a procedural default for habeas purposes even though no state court had made a determination that petitioner's failure to appeal constituted waiver under state law); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

raise these three claims in his Statement of Matters Complained of On Appeal as required by Pa.R.A.P. 1925(b) and/or his briefs to the Pennsylvania Superior Court. Instead he raised these three grounds for appeal solely as matters of state law violations. He made no mention to the Superior Court of any violations of federal law. See Appellate Brief to Superior Court, ECF No. 13-1 at 8 to 10 (never mentioning federal law nor citing federal cases nor using language to indicate that he was raising a federal law claim); Appellate Brief to Superior Court, ECF No. 13-2 at 9 to 10 (same). See also Rule 1925(b) Statement of Matters Complained of On Appeal, State Court Record at Item No. 23 (never raising issue of federal law with respect to the first three issues).

Petitioner's failure to raise the three claims as violations of federal law either in the trial court or on appeal in the Superior Court constitutes waiver under the law of the state. See Pa.R.A.P. 1925 (issue must be raised in Statement of Matters Complained of On Appeal or be waived); Pa. R.A.P. No. 2116(a) (issue must be presented in the Statement of Questions section of brief to be considered); Sistrunk v. Vaughn, 96 F.3d at 671 n.4 ("the rules [of Pennsylvania's appellate procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court."); Thomas v. Elash, 781 A.2d 170, 176-77(Pa. Super. 2001) ("Although Appellant may have preserved the issues raised in his post trial motions by mailing the motions within 10 days of the verdict, he has now waived those issues by failing to include them in his brief to this Court. . . . Having failed to properly raise and address the issues in his brief, Appellant has precluded our review of his substantive claims."); Pelzer v. Vaughn, No. Civ.A. 92-0091, 1992 WL 95915, at *5 (E.D. Pa. April 16, 1992) ("If an issue has once been raised [in the state court of first instance], but was not pursued to the higher courts, it

6

is deemed waived, and further litigation on that issue will not be heard [in a federal habeas court] unless a petitioner can demonstrate cause and actual prejudice, or show that failure to consider the claims would result in a fundamental miscarriage of justice.").

In the case at issue, Petitioner waived these three claims by not pursuing them as violations of federal law either in the trial court or on appeal to the Superior Court but merely presenting them as issues of state law violations in both state courts. See, e.g., Birdwell v. Folino, Civ.A. No. 06-02039, 2007 WL 954539, at *4 (E.D.Pa., March 28, 2007) ("Here, Petitioner raised his evidentiary claims before the state courts solely as a matter of state law; he did not raise any federal or constitutional issue, nor did he cite any federal law. Because Petitioner did not place the state courts on notice of any federal or constitutional issues related to the trial court's evidentiary determinations, his first four (4) claims are unexhausted" and also procedurally defaulted).

Pennsylvania's rule of waiver for failing to raise an issue on direct appeal is "independent" of any federal law question. See, e.g., Diventura v. Stepniak, No. 95-CV-0443, 1996 WL 107852, at *3 (E.D. Pa. March 11, 1996)(finding state court's application of the waiver rule to be "independent" of federal law). In addition, Pennsylvania's waiver rule for failing to raise an issue on appeal is and was, at the time of Petitioner's appeals, regularly and consistently applied and hence, "adequate." See id.; Terry v. Gillis, 93 F.Supp.2d 603, 611 (E.D. Pa. 2000)("Thus, because plaintiff failed to present both his claim regarding the jury charge and his claim that counsel was ineffective for not objecting to that charge to the Pennsylvania Superior Court and the Pennsylvania Supreme Court, his claims are procedurally defaulted"). Hence, Petitioner's waiver under state law constitutes a procedural default for purposes of seeking

7

federal habeas relief. Edwards v. Wenerowicz, Civ.A. No. 11–3227, 2012 WL 568849, at *4 (E.D.Pa., Jan. 31, 2012) ("The Third Circuit has specifically recognized that a failure to comply with Rule 1925(b) and identify all issues to be reviewed on appeal resulting in waiver at the state court level constitutes procedural default on independent and adequate state grounds. *Buck v. Colleran*, 115 F. App'x 526, 528 (3d Cir. 2004)."), *report adopted by*, 2012 WL 569015 (E.D.Pa. Feb. 22, 2012).

The only apparent claim of "cause and prejudice" to excuse Petitioner's procedural default would be a claim that his counsel was ineffective for failing to raise these claims as federal law claims in addition to raising them as violations of state law. However, such an ineffectiveness claim was never raised in state court and hence, we find such a claim of "cause" to have itself been procedurally defaulted. See, e.g., Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (holding that "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"). Hence, being unable to show cause and prejudice, it remains open to Petitioner to show a miscarriage of justice. However, given that Petitioner pleaded guilty to the crimes, it is apparent that Petitioner cannot succeed on establishing a miscarriage of justice, i.e., cannot establish his actual innocence. Accordingly, these issues have been procedurally defaulted and cannot serve a basis for federal habeas relief.[2]

---

[2] While it is true that the District Attorney incorrectly conceded in its answer that the issues were not procedurally defaulted, ECF No. 9 at 4 to 6, such an erroneous concession on the law is not binding on this Court. Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002) ("Actions brought pursuant to § 2254 implicate considerations of comity, federalism, and judicial efficiency to a degree not present in ordinary civil actions. These interests eclipse the immediate concerns of the parties and provide federal habeas courts the discretionary authority to raise affirmative defenses that have not been preserved by the state."); Herbst v. Cook, 260 F.3d 1039, 1042 (9th

## B. PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS MOOT.

Petitioner claims that his plea-counsel was ineffective for failing to file post-trial motions. The procedural history underlying this claim is somewhat complicated. However, recounting the procedural history should suffice to show that the issue was and is moot because Petitioner eventually had his rights to file post-trial motions reinstated by the state courts nunc pro tunc.

After Petitioner first pleaded guilty to the charges, his counsel did not file post-trial motions or a direct appeal. Petitioner then filed a Post Conviction Relief Act ("PCRA") petition, and had counsel appointed for him. The appointed counsel raised the issue of the ineffectiveness of Petitioner's prior counsel. The appointed counsel requested as relief that Petitioner be granted "leave of court to file a post-sentence motion nunc pro tunc and a Notice of Appeal Nunc Pro Tunc." SCR, Superior Court slip op. at 2. The PCRA trial court issued an order reinstating Petitioner's direct appeal right but was silent as to Petitioner's right to file a post-sentence

---

Cir. 2001) ("The interests of comity, federalism, and judicial efficiency underlying the district court's discretion to raise the issue of procedural default *sua sponte* . . . ."), *abrogation on other grounds recognized in*, Moreno v. Harrison, 245 F.App'x 606 (9th Cir. 2007); Flamingo Resort, Inc. v. United States, 664 F.2d 1387, 1391 n. 5 (9th Cir. 1982) ("even if such a concession was made by the government, we are not bound by a party's erroneous view of the law."); Avila v. I.N.S., 731 F.2d 616, 621 (9th Cir. 1984) ("We see no reason why we should make what we think would be an erroneous decision, because the applicable law was not insisted upon by one of the parties.") (quoting, Smith Engineering Co. v. Rice, 102 F.2d 492, 499 (9th Cir. 1938)). See also Szuchon v. Lehman, 273 F.3d 299, 321 n. 13 (3d Cir. 2001)("[a] court of appeals can raise a procedural default sua sponte. We retain this discretion because the doctrine of procedural default, while not a jurisdictional rule, 'is grounded upon concerns of comity between sovereigns and often upon considerations of judicial efficiency.' *Hardiman*, 971 F.2d at 503 (citations omitted). 'Because these concerns substantially implicate important interests beyond those of the parties, it is not exclusively within the parties' control to decide whether such a defense should be raised or waived.' *Id*.") (some citations omitted). See also Sweger v. Chesney, 294 F.3d 506, 520-22 (3d Cir. 2002).

motion nunc pro tunc. On the reinstated direct appeal, the Superior Court held that the three sentencing issues Petitioner raised on the appeal were waived by virtue of Petitioner failing to raise them in the first instance in the trial court via the filing of a post-sentence motion. The Superior Court also found that the issue of plea counsel's failure to file post-sentence motions was premature since, at the time the Superior Court decided the issue, Pennsylvania law required such issues of ineffectiveness to be raised on collateral review and Petitioner was raising the issue of ineffectiveness in a re-instated direct appeal.

   Thereafter, Petitioner filed a second PCRA petition alleging his plea counsel's ineffectiveness for failing to file a post-sentence motion. The PCRA court then reinstated both Petitioner's right to file a post-sentence motion nunc pro tunc and his right to file a direct appeal nunc pro tunc from the PCRA/trial court's disposition of the nunc pro tunc post-sentence motion. Thereafter, Petitioner filed his post-sentence motion raising the three sentencing issues he wanted to raise. The post-sentence motion was denied by the trial court. Then Petitioner filed his second nunc pro tunc notice of appeal from that decision, again raising the three sentencing issues and the issue that his plea counsel was ineffective for failing to file post-sentence motions. The Superior Court rejected Petitioner's three sentencing claims, finding them to be without merit under state law. As to Petitioner's sole ineffective assistance claim, the Superior Court held that "Appellant's final contention, that plea counsel was ineffective for failing to file post-trial motions, is moot in that his rights to file such motions and to appeal were reinstated by the court below." SCR, No. 38, Superior Court slip. Op. at 6.

   We agree with the Superior Court, the issue of whether Petitioner's plea counsel was ineffective for failing to file post-sentence motions is moot in light of the fact that he had his

10

right to file such post-sentence motions reinstated.  Even if not moot, Petitioner has failed to carry his burden to show how he was prejudiced by such a failure on counsel's part especially given that he eventually was able to file post trial motions.  Strickland v. Washington, 466 U.S. 668 (1984) (requiring a showing of prejudice for a successful claim of ineffectiveness).

## IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2).

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether this Court was correct in dismissing petition for being meritless or for being procedurally defaulted.  Accordingly, a certificate of appealability should be denied.

BY THE COURT

s/Maureen P. Kelly
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

Dated:   April 16, 2012

cc: RAYMOND P. ROSE
GD-3022
ATTENTION OF:  Bonnie Stognief, Records Dept.
SCI RETREAT
660 STATE ROUTE 11
HUNLOCK CREEK, PA 18621-3136

RAYMOND P. ROSE
DOC Number 1428197
Green Rock Correctional Center
475 Green Rock Lane
Chatham, Virginia 24531

11

All Counsel of Record via CM-ECF